LAW OFFICE OF THOMAS FARINELLA, P.C.

260 Madison Avenue, 8th Fl.
New York, NY 10016
Tel: (917) 319-8579
Fax: (646) 349-3209
www.lawtaf.com

**Thomas Farinella**
tf@lawtaf.com

August 11, 2015

**VIA ECF**

The Honorable Allyne R. Ross
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     **United States v. Salvatore Gravano**
        **Criminal Docket No. 01-042 (ARR)**

Dear Judge Ross:

I write in further support of the letter motion filed by the undersigned on behalf of Mr. Salvatore Gravano on June 10, 2015, (Docket #201) and in reply to the Reply to Government's Letter Brief Response in Opposition to Defendant Salvatore Gravano's Motion for a Reduced Sentence Pursuant to Title 18, United States Code, Section 3582 (c)(2) and U.S.S.G. §1B1.10 and the retroactive application of Amendment 782 to the Sentencing Guidelines, effective November 1, 2014.

I.     **BACKROUND**

On May 25, 2001, Mr. Gravano pled guilty, pursuant to a plea agreement, before Your Honor to conspiring to distribute and possess with intent to distribute MDMA, in violation of 21 U.S.C §§ 846 and 841(b)(1)(C). At sentencing, on September 10, 2002, the Court found, as the government stated in their opposition, that the Guidelines calculation was 33 with a Criminal History Category of II, which carried a range of imprisonment of 151 to 188 months at the time of sentencing.

The government then moved for an upward departure of the defendant's criminal history points, which was granted, and resulted in the addition of three criminal history points, bringing his points from three to six, resulting in a Criminal History Category of III.

The Court further departed from Criminal History Category III to V pursuant to U.S.S.G § 4A1.3(e).  Mr. Gravano's filed motion for downward departure based on the conditions of confinement.  The applicable Guideline range at the time of sentencing was 210 to 262 months imprisonment.  The Court sentenced Mr. Gravano to 240 months of imprisonment to run concurrently with the sentence to be imposed in the State of Arizona with Supervised Release for life.

Mr. Gravano is scheduled to be released from prison on September 18, 2017.

## II.      LEGAL STANDARD

### A.      STEP ONE - ELIGIBILITY

Effective November 1, 2014, the Sentencing Commission adopted Amendment 782, which modified Section 2Dl.1 of the Sentencing Guidelines to lower the Sentencing Guidelines' sentencing range for certain categories of drug related offenses. The Sentencing Commission then adopted Amendment 788, also effective November 1, 2014, which authorized retroactive application of Amendment 782 to those sentenced before its effective date. In Amendment 782, the Sentencing Commission lowered the penalties for most drug offences by reducing most offenses by two levels.

Mr. Gravano's original Guidelines range was 210-262 months, based on an offense level of 36 and a Criminal History Category of II.  In accordance with Amendment 782 of the Sentencing Guidelines, which generally reduces the offense levels for drug offenses by two levels, Mr. Gravano's Guidelines range in this case should be reduced to 168-210 months, based on an offense level of 34.

*Dillon v. U.S.*, 560 U.S. 817 (2010), established a two-step test to determine the defendant's eligibility.  First, is if the defendant is eligible under the guidelines.  Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 USC § 3553(a).

Under *Dillon*, the Court determines eligibility by examining the amended guideline range that would have applicable to the defendant if Amendment 782 was in effect at the time the defendant was sentenced.  U.S.S.G. §1B1.10(b)(c).  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827.

The government does not dispute that Amendment 782 lowered Mr. Gravano's base offense level by two levels.  Therefore, Mr. Gravano has met the first prong of the two-step test, as stated in the government's opposition letter, "the previously established Criminal History Category of V, the resulting range is 168 to 210 months' imprisonment.  As this reduction from previously applied range of 210 to 262 months, the Court may consider the defendant's motion…the defendant is eligible for a reduction…"

Mr. Gravano respectfully joins in with the governments' position that the Court may consider his motion.  If the defendant is eligible for a sentencing reduction, which Mr. Gravano is, the Court proceeds to step two of the *Dillon* analysis.

**B.      STEP TWO - 18 U.S.C. §3553 (a) Factors:**

"At step two of the inquiry," if the defendant has been determined to be eligible, and the extent of his eligibility has been established, the Court must decide, in light of the applicable Section 3553(a) factors, whether to grant a reduction "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

This decision is committed to the Court's discretion. *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1 Bl.10, then the second step of the analytical framework set forth in *Dillon* requires the district court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.") (internal quotation marks omitted).

**1.      A Sentence Reduction is Warranted in this Case**

In analyzing the factors pursuant to § 3553(a), the Court should consider the decision in *USA v. Fairley*, 2015 WL 3439097 (S.D.N.Y.), in which the Court determined that Mr. Fairley was eligible for a sentence reduction and then after considering the factors in § 3553(a), "as required by *Dillon*, found they weighed in Fairley's favor" as they do in the instant case.

The Court said, "In contemplating the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need to protect the public from further crimes of this defendant, the Court notes that Fairley's criminal history contains no violence or behavior constituting assault *See* 18 U.S.C. 3553(a)(1), (2)." *Id*. This point can be distinguished in this case because it is well known that Mr. Gravano was a member of organized crime in which he admitted to various crimes including murder. However, Mr. Gravano cooperated with the United States government and his testimony led to the conviction of thirty-six members of organized crime including John Gotti. Mr. Gravano has not committed a violent act since 1989. While it is not suggested that the Court overlook Mr. Gravano's past criminal history because of his cooperation, the Court should fairly assess the circumstances in this case with considering that Mr. Gravano is a distant stranger to the person he once was.

The government does not argue that he is a danger to the public but rather that, "Probation notes that the defendant is, 'not viewed as a management problem' and has participated in various activities in his current facility these factors do not overcome the egregious nature of his criminal past, the seriousness of the offense conduct, and his proven inability to rehabilitate himself." For the government to use the same criminal past in which they pushed for a lenient sentence against Mr. Gravano is flawed. If the government felt that Mr. Gravano was not a danger to the public in 1994 after admitting to 19 murders to now argue the opposite in this case is contradictory.

In *Fairley,* the Court went on to state, "the Court may also consider post-sentencing conduct in determining whether a reduction is warranted. *See* U.S.C. 1B1.10, Application note 1(B)(iii). According to the submission from the probation Department, Fairley has not received any disciplinary sanctions for assault or violent behavior which incarcerated for the instant offense." This factor is true in this case for Mr. Gravano. Since he has been incarcerated Mr.

Gravano has not had any disciplinary sanctions for assault or violent behavior or for any other reason.

The government has provided a myriad of cases that are clearly distinguishable from Mr. Gravano's circumstances. The court's denial of defendants' applications to reduce sentences was based, largely in part, on the defendants' significant post-conviction conduct. This suggests that a different result would have occurred if their post-conviction conduct was different. Moreover, these cases are not applicable to Mr. Gravano, solely because they all share a common past of criminal history.

*United States v. James*, 2008 WL 2563253, at *2 (S.D. Miss. June 26, 2008) (post conviction criminal history while incarcerated, included multiple violations, including but not limited to, "engaging in sexual acts by masturbating in from of the female staff members."); *United States v. Young*, 555 F.3d 611, 613 (7th Cir. 2009) (the defendant had been sanctioned 17 times for misconduct, "expressing concern about Young's 'ability to abide by society's rules outside of prison given his apparent in ability to do so in the structured environment inside.'"); *United States v. Stevenson*, 332 F. App'x 261, 262 (6th Cir. 2009) (the court noted the defendants post-sentencing conduct and held that even if he "could show as a matter of law that he posed no risk to the public" his non-violent prison infractions "represent post-sentencing conduct that a court can consider in whether a reduction is warranted."); *United States v. Gregory*, 2008 WL 5391938, at *1 (D. Conn. Dec. 23, 2008) (the defendants criminal history was a VI and "his behavior while incarcerated in the instant offense" indicates the need to protect the public from further crimes); *United States v. Maxwell*, 2015 WL 3462219 (the court heavily weighed the defendants criminal disciplinary problems); *United States v. Gresham*, 2008 WL 2599994, at *1 (S.D. Ohio June 25, 2008) ("In support, the government cites Defendant's criminal history category of VI as well as defendant's post conviction conduct while incarcerated. Specifically, the government reports that Defendant possessed a weapon while incarcerated.") (internal citations omitted). *United States v. Styer*, 573 F.3d 151, 155 (3d Cir. 2009), this case is clearly distinguishable because, "The Court stressed that Styer was a danger to the community, that he had shot five times at a police officer and he had endeavored to conceal firearms from investigators."; *United States v. Stewart*, 367 F. App'x 201(2d Cir. 2010) (following two conviction and being deported to Jamaica, the defendant illegally reentered the US and resumed his criminal activity).

In further considering the factors in 18 U.S.C. 3553(a), a very recent case, *United States v. Low*, Crim. No. 06-00323 ACK (D. Haw. Aug 04, 2015), is similar to this case regarding the governments opposition to the reduction of sentence for the defendant because, "the Defendant has already received an overly generous downward departure for substantial assistance." *Id.* p.3. In this case the government argues that, "despite receiving leniency as a result of his cooperation with the government" the defendant "squandered" that opportunity. The government further argues that Mr. Gravano's unblemished record while incarcerated should not be considered in overcoming his past criminal history and his inability to rehabilitate himself, which should not be the standard. The Court in *Low* disagrees with this analysis finding that, "notwithstanding the governments argument to the contrary, the Court has considered the totality of the circumstances and the factors identified in 18 U.S.C. 3553(a) and finds that a reduction in the Defendant's sentence is warranted pursuant to 18 U.S.C. 3553(a) and Amendment 782." *Id.* at p.3.

The Court in *Low* went on to further find, that "Defendant does not have a history of violence, nor is there any evidence that he has been involved in any post-conviction misconduct. While incarcerated, Defendant has taken classes and completed rehabilitative programs and there

is no evidence of any disciplinary infractions that would suggest a reduction in sentence might be inappropriate." *Id*. p.3. With exception to Mr. Gravano's criminal past as a member of organized crime, he has not had a history of violence since cooperating with the government. The United States Attorney for Eastern District of New York stated at the sentencing hearing for Mr. Gravano before Judge Glasser, "he has rendered extraordinary, unprecedented, historic assistance to the government" and stated in the sentencing memo, "simply put, Gravano's cooperation has been the signal event in the government's decades-long fight against the Mafia."

As for the rationalization of the sentence Mr. Gravano received, "Prosecutors and federal agents urged a highly lenient sentence for Gravano, who not only helped destroy the nation's best-known organized crime boss, but whose testimony at six subsequent trials helped convict 36 other Mafia figures. His cooperation is continuing, prosecutors said, and he has created a "domino effect" of other informants coming forth."[1] Mr. Gravano assisted the government in 2003 in the prosecution of Thomas Carbonaro despite being called as a defense witness. Prior to testifying he was contacted by the government and provided information useful in the prosecution of which, Carbonaro was subsequently found guilty.

Moreover, if the court grants Mr. Gravano a reduction, he will be turned over to the state of Arizona to serve out the remaining portion of his state sentence, and clearly cannot be a danger to the community while incarcerated in state prison.

Mr. Gravano has been incarcerated for over 15 years and is scheduled to be released on September 18, 2017, according to the Federal Bureau of Prisons. The 15 years plus has been enough to satisfy all of the purposes of sentencing set forth in 18 U.S.C. § 3553 (a) and would be in accord with the recent Guidelines amendment.

A further analysis of the 3553 (a) factors and their application to this case and this defendant supports a sentencing reduction. Mr. Gravano has been in custody since his arrest on February 24, 2000, a total of 15 years and 6 months or a total of 186 months in total. This is above the now advisory Guidelines sentencing range of 168 to 210 months applicable to Mr. Gravano under the new drug quantity tables in the November 1, 2014 Guidelines amendment.

Mr. Gravano is 70 years old, a father and grandfather, he has every motivation and intention not to return to the life of crime he once lived. Mr. Gravano has had no infractions since arriving to the facility in which he resides and is well adjusted. Mr. Gravano's last violent act was in 1989. Mr. Gravano was drafted to serve in the United States military and was honorably discharged after two years. He was stationed in the United States and didn't serve over seas. Given his age and the time spent incarcerated Mr. Gravano regrets the life he once lived. Mr. Gravano realizes that while he can't undue the past he believes he can be an inspiration to young men and women to avoid a life crime. Upon is release he intends to partner up with multiple organizations to facilitate this cause.

In considering the totality of the circumstances the Court should consider that, Mr. Gravano has been a model prisoner that has adjusted well to the facility in which he currently resides. He was originally placed in two state prisons in which he was assigned to a gang unit before arriving at his current location. The addendum to the presentence report prepared for this

---

[1] Gotti Accuser Sentenced to Five Years in Pleas Deal: Mafia: Salvatore Gravano is rewarded for testimony against the notorious Gambino Family boss and other organized crime figures, by John J. Goldman, Los Angeles Times September 27, 1994.

matter states, "Mr. Gravano's adjustment to this facility has been and continues to be good. His rapport with staff and fellow inmates has always been satisfactory." Mr. Gravano attends weekly religious services, GED class enrollment and "monthly social visits with his immediate family members and friends. Mr. Gravano is not viewed as a management problem at this facility." He has enrolled in correctional counseling (anger management), ACE programs, the GED program and a daily exercise program as recommended by his Unit Team members. He is assigned to the Unit Orderly Work detail, as stated in his progress report, "where it is indicated that he is a good worker that completes his assigned tasks." Mr. Gravano has also completed a drug education program, has completed a 15-hour photography class and 20-hour culinary video class. In addition, he participated in a program in which he trained service dogs for disabled veterans. Upon release, this skill will aid in potential employment opportunities upon his release.

The Court should consider the totality of the circumstances, as in *Low*, when deciding Mr. Gravano's motion including all of the rehabilitative goals of § 3553 (a) which have been accomplished and there will be no undermining of the public's confidence in the administration of justice should the Court grant Mr. Gravano's application. In considering Mr. Gravano's motion I would respectfully ask the Court to reconsider it's previous finding that Mr. Gravano, "possess the highest possible risk of recidivism" as he has rehabilitated himself while incarcerated for the last 15 and one-half years. Further, Mr. Gravano respectfully submits that he is no longer in need of what the court noted as "incapacitation by incarceration" and that the length of time he has served, in conjunction with his post-conviction conduct, has accomplished the Court's goal of its original sentence and has demonstrated that he is rehabilitated.

### III.     CONCLUSION

For his own part, even if his sentence is reduced herein, it does not take affect until November, 2015 thereafter Mr. Gravano still must serve out the rest of his sentence on the state case, in Arizona, that was sentenced to run concurrent with this case. The earliest Mr. Gravano would be released is June, 2016. Thus, the Court is respectfully requested to grant Mr. Gravano's Motion for a Reduced Sentence Pursuant to Title 18, United States Code, Section 3582 (c)(2) and U.S.S.G. §1B1.10 and the retroactive application of Amendment 782 to the Sentencing Guidelines, effective November 1, 2014. In the alternative, Mr. Gravano respectfully requests a hearing on the foregoing issues presented.

Respectfully submitted,

By:     __/s/_____
                Thomas Farinella (TF8309)

cc:     Maria Cruz Melendez, Assistant U.S. Attorney (By ECF)
cc:     Douglas Anton, Esq. (By ECF)